Debose, Premeire v Lacour-Gayet (2019 NY Slip Op 05337)





Debose, Premeire v Lacour-Gayet


2019 NY Slip Op 05337


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9798A 9798

[*1] Debose, Premeire, etc., et al., Plaintiffs-Appellants-Respondents,
v
Francois Lacour-Gayet, M.D., et al., Defendants-Respondents-Appellants,


Jonah Grossman, Jamaica (Lawrence B. Lame of counsel), for appellants-respondents.
McAloon & Friedman, PC, New York (Gina Bernardi Di Folco of counsel), for Francois Lacour-Gayet, M.D., respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Sean B. Maraynes of counsel), for Montefiore Medical Center, respondent-appellant.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered July 6, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability for medical malpractice, unanimously affirmed, without costs. Order, same court and Justice, entered January 23, 2019, which granted plaintiffs' motion to reargue their own motion and so much of defendants' cross motions for summary judgment as sought to dismiss the claim that a second procedure to remove a broken needle caused psychiatric or emotional injury to the infant plaintiff, and, upon reargument, denied the cross motions as to that claim, unanimously affirmed, without costs.
In the first order on appeal, the court denied plaintiffs' motion for summary judgment as to liability upon the finding that, while plaintiffs demonstrated as a matter of law that defendants departed from good and accepted medical practice when they unintentionally left a portion of a surgical needle in the infant plaintiff's chest during surgery, they failed to demonstrate that that departure was a proximate cause of injury to the infant. In the order upon reargument, the court found that it had erred in granting defendants' motions for summary judgment dismissing the claim that the second surgery, during which defendants removed the portion of the needle that had been left in the infant's chest during the first surgery, proximately caused psychiatric or emotional injury to the infant, and denied defendants' motions as to that claim.
We find that the conflicting factual testimony and medical opinion in the record present issues of fact as to whether any departures were a proximate cause of any physical, psychiatric or emotional injury to the infant (see Frye v Montefiore Med. Ctr., 70 AD3d 15, 24 [1st Dept 2009]; Severino v Weller, 148 AD3d 272
[1st Dept 2017]).
We have considered the parties' remaining arguments for affirmative relief, to the extent preserved for our review, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK